UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

**FILED**

MAY 1 9 2023

Clerk, U.S. District Court
Eastern District of Texas

SIMONE CHAMBERS )
)
Plaintiff, )
)
) Civil Action No.   4:23-cv-00466 ALM/KPJ
v. )
)
NCB MANAGEMENT SERVICES, )
EXPERIAN INFORMATION SOLUTIONS INC, )
EQUIFAX INC AND )
TRANSUNION LLC )
)
Defendants. )
)

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff SIMONE CHAMBERS as and for her Complaint respectfully alleges as follows:

### I.   INTRODUCTION

1.     This is a civil action by Plaintiff, an individual consumer, seeking actual, statutory and punitive money damages against Defendants NCB Management Services ("NCB"), EQUIFAX INC. ("Equifax"), EXPERIAN INFORMATION SOLUTIONS INC. ("Experian"), and TRANSUNION LLC ("Transunion") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

### II.   JURISDICTION AND VENUE

2.     Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendant transact business in the city of

1

Dallas, Dallas County, Texas, and the conduct complained of occurred in Dallas, Texas.

### III.    PARTIES

3.    Plaintiff is a natural person residing in Denton, Denton County, Texas.

4.    Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

5.    Upon information and belief, Defendant NCB is a Pennsylvania corporation duly authorized and qualified to do business in the State of Texas.

6.    Upon information and belief, Defendant Experian is an Ohio corporation duly authorized and qualified to do business in the State of Texas.

7.    Upon information and belief, Defendant Equifax is a Georgia corporation duly authorized and qualified to do business in the State of Texas.

8.    Upon information and belief, Defendant Transunion is an Illinois corporation duly authorized and qualified to do business in the State of Texas.

### IV.    FACTS OF THE COMPLAINT

8.    In June 2022 Plaintiff obtained a copy of her consumer report and discovered incomplete, inaccurate, false information furnished by the Defendant, specifically a tradeline by NCB Management Services account number – 14353. On or about July 13, 2022, Plaintiff sent written disputes to Defendant(s) disputing the completeness and/or accuracy of the account, specifically the last verified was inaccurate; the date of last activity was inaccurate; the date opened was inaccurate; and the account status was inaccurate.

2

9.      Upon information and belief, Defendant(s) sent a dispute to NCB providing all relevant disputed information.

10.      In January 2023, Plaintiff noticed that the inaccurate account information was still being reported on her consumer report.

11.      As a result of the actions and inactions of Defendant(s), Plaintiff suffered damages, including but not limited to her (FICO scores to be lowered resulting in her being denied credit or being granted credit with a much higher interest rate, and emotional distress.

### V. FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1681e(b)
### (Defendant NCB, Experian, Equifax and TransUnion)

12.      Plaintiff re-alleges and incorporates by reference paragraphs 1-12 above.

13.      Defendants NCB, Experian, Equifax and TransUnion violated 15 U.S.C. § 1681e(b) because they failed to follow reasonable procedures to assure maximum possible accuracy of the NCB trade line information when preparing a consumer report purportedly concerning Plaintiff.

14.     Defendants NCB, Experian, Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

15.     At all times alleged herein, Defendants NCB, Experian, Equifax and TransUnion acted negligently and/or willfully.

16.     Defendants NCB, Experian, Equifax and TransUnion is liable to Plaintiff for actual damages, punitive damages and costs pursuant to 15 U.S.C.§1681n and actual damages and costs pursuant to 15 U.S.C. §1681o.

## VI. SECOND CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(2)
### (Defendants NCB Experian, Equifax and TransUnion)

17.     Plaintiff re-alleges and incorporates by reference paragraphs 1-17 above.

18.     Defendants NCB, Experian, Equifax and TransUnion have failed to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

19.     Defendants NCB, Experian, Equifax and TransUnion have violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the CRA's (credit reporting agencies).

20.     Defendants NCB, Experian, Equifax and TransUnion have caused injury in fact, by causing, among other effects, mental and

emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

21.     Defendants NCB, Experian, Equifax and TransUnion have done so either negligently or willfully.

22.     Plaintiff is entitled to actual damages, punitive damages and costs pursuant 15 U.S.C. § 1681o.

23.     Alternatively, Plaintiff is entitled to actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

### VII. THIRD CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(4)
### (Defendants NCB Experian, Equifax and TransUnion)

24.     Plaintiff re-alleges and incorporates by reference paragraphs 1-24 above.

25.     Defendants NCB, Experian, Equifax and TransUnion have violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

26.     Defendants NCB, Experian, Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

27.     At all times alleged herein, Defendants NCB, Experian, Equifax and TransUnion acted negligently and/or willfully.

28.     Defendants NCB, Experian, Equifax and TransUnion are liable to Plaintiff for actual damages, punitive damages and costs pursuant to 15 U.S.C. §1681n and actual damages and costs pursuant to 15 U.S.C. §1681o.

## VIII. FOURTH CLAIM FOR RELIEF
## 15 U.S.C. §1681i(a)(6)(B)(iii)
### (Defendants NCB Experian, Equifax and TransUnion)

36.     Plaintiff re-alleges and incorporates by reference paragraphs 1-35 above.

37.     Defendants NCB, Experian, Equifax and TransUnion have violated 15 U.S.C. § 1681i(a)(6)(B)(iii) in that they failed to have a procedure to prevent giving false information upon re-investigation.

38.     Defendants NCB, Experian, Equifax and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

39.     At all times alleged herein, Defendants NCB, Experian, Equifax and TransUnion acted negligently and/or willfully.

40.     Defendants NCB, Experian, Equifax and TransUnion are liable to Plaintiff for actual damages, punitive damages and costs pursuant to 15 U.S.C. §1681n and actual damages and costs pursuant to 15 U.S.C. §1681o.

## XII.   JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a jury trial and entry of judgment in favor of Plaintiff and against all Defendants for:

A.      Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

B.      Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C.      Costs pursuant to 15 USC § 1681n(a)(3);

D.    For such other and further relief as the Court may deem just and

proper.

Respectfully submitted,

Dated: 5/11/2023

By: *Simone Chambers*

SIMONE CHAMBERS
308 MACK DR
DENTON, TX 76209
Simonechambersgd@gmail.com
*Pro Se*