IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SIMONE CHAMBERS,<br><br>    Plaintiff,<br><br>v.<br><br>NCB MANAGEMENT SERVICES, *et al.*,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§    Civil Action No. 4:23-cv-466-ALM-KPJ<br>§<br>§<br>§<br>§<br>§<br>§ |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant Experian Information Solutions, Inc.'s ("Experian") Motion to Dismiss and Brief in Support (the "Motion to Dismiss") (Dkt. 24). Plaintiff Simone Chambers ("Plaintiff") did not file a response. Experian filed a reply (the "Reply") (Dkt. 31). For the reasons that follow, the Court recommends that the Motion to Dismiss (Dkt. 24) be **GRANTED**.

I.     BACKGROUND

A.     **Procedural History**

On May 19, 2023, Plaintiff, proceeding *pro se*, filed the Complaint (Dkt. 1) against Experian, as well as Defendants NCB Management Services, Equifax, Inc., and Trans Union LLC.[1] Dkt. 1 at 1. Plaintiff served Experian with the summons on July 10, 2023. Dkt. 10. On August 30, 2023, Experian timely filed the Motion to Dismiss (Dkt. 24).[2] On September 8, 2023,

---

[1] Plaintiff's claims against Defendants NCB Management Services, Equifax, Inc., and Trans Union LLC have been dismissed and these Defendants have been terminated from this case. *See* Dkts. 26; 43; 44; 46; 47; 48.

[2] Experian filed for an extension of time to answer the Complaint (Dkt. 1), which was granted pursuant to Local Rule CV-12, extending Experian's time to answer to August 30, 2023. *See* Dkt. 21.

the Court issued its Order Governing Proceedings (Dkt. 28), wherein it scheduled the Rule 16 Management Conference on October 19, 2023. Dkt. 28 at 1. On September 13, 2023, the Court received confirmation that Plaintiff received the Order Governing Proceedings (Dkt. 28). Dkt. 30. On September 19, 2023, Experian filed the Reply (Dkt. 31), wherein Experian notified the Court that it served Plaintiff with the Motion to Dismiss (Dkt. 24) on September 1, 2023. Dkt. 31 at 1. Thus, Plaintiff had until September 18, 2023, to file her response to the Motion to Dismiss. *See* LOC. R. CV-7(e); FED. R. CIV. P. 6(d). On October 19, 2023, the Court called this case for the Rule 16 Management Conference. *See* Minute Entry dated October 19, 2023. Counsel for Defendant appeared; however, Plaintiff did not appear, and the hearing was therefore not held. *See id.* On October 20, 2023, the Court ordered Plaintiff to file "a status report showing good cause for her absence at the Rule 16 Management Conference on or before fourteen (14) days of the receipt of this Order." Dkt. 39 at 1. The Clerk of Court made multiple attempts to mail the Show Cause Order (Dkt. 39), with each attempt returned marked "RETURN TO SENDER – UNCLAIMED – UNABLE TO FORWARD." *See* Dkt. 42. On January 9, 2024, the Court emailed Plaintiff the Show Cause Order (Dkt. 39). Plaintiff did not file a status report.

**B.     The Complaint**

Plaintiff alleges that "[i]n June 2022[,] Plaintiff obtained a copy of her consumer report and discovered incomplete, inaccurate, false information furnished by the Defendant, specifically a tradeline by NCB Management Services account number – 14353." Dkt. 1 at 2. Plaintiff alleges that "[o]n or about July 13, 2022, Plaintiff sent written disputes to Defendant(s) disputing the completeness and/or accuracy of the account, specifically the last verified was inaccurate; the date of last activity was inaccurate; the date opened was inaccurate; and the account status was inaccurate." *Id.* Plaintiff next alleges that "[u]pon information and belief, Defendant(s) sent a

2

dispute to NCB providing all relevant disputed information." *Id.* at 3. Plaintiff alleges that "[i]n January 2023, Plaintiff noticed that the inaccurate account information was still being reported on her consumer report." *Id.* Plaintiff finally alleges that "[a]s a result of the actions and inactions of Defendant(s), Plaintiff suffered damages, including but not limited to her []FICO scores to be lowered resulting in her being denied credit or being granted credit with a much higher interest rate, and emotional distress." *Id.* Based on these allegations, Plaintiff asserts claims against Experian for violations of 15 U.S.C. §§ 1681e(b), 1681i(a)(2), 1681i(a)(4), and 1681i(a)(6)(B)(iii). *Id.*

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Because dismissals under Rule 12(b)(6) are disfavored, the Court must accept all well-pleaded facts in the plaintiff's complaint as true, "even if doubtful or suspect," and view them in the light most favorable to the plaintiff. *Peña Arita v. United States*, 470 F. Supp. 3d 663, 680 (S.D. Tex. 2020). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

A claim will survive an attack under Rule 12(b)(6) if, considering all well-pleaded facts, the complaint states a plausible claim for relief, rather than "the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The well-pleaded facts must allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

When considering a motion to dismiss for failure to state a claim, the Court's review is limited to the complaint, any document attached to the complaint, and any document attached to the motion to dismiss that is central to the claim and referenced by the complaint. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

The Court is also mindful that it "must construe the pleadings of *pro se* litigants liberally to prevent the loss of rights due to inartful expression." *Perez v. Dall. Cnty. Jail*, No. 20-cv-1761, 2022 WL 1215781, at *2 (N.D. Tex. Mar. 31, 2022) (cleaned up); *see also Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). But "liberal construction does not require that the Court . . . create causes of action where there are none." *Rolan v. LaSalle Sw. Corr.*, No. 20-cv-2842, 2021 WL 5568168, at *3 (N.D. Tex. Nov. 1, 2021) (omission in original) (quoting *Smith v. CVS Caremark Corp.*, No. 12-cv-2465, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013)).

### III.   ANALYSIS

**A.   Motion to Dismiss**

In the Motion to Dismiss (Dkt. 24), Experian argues that the Complaint (Dkt. 1) fails in three respects: (1) "the Complaint fails to clearly explain *why* the NCB Management Services account is inaccurate for her reasonable procedure claim"; (2) "the Complaint fails to describe *what* actions Experian was purportedly required to take, but failed to, in response to her disputes for her reasonable investigation claims"; and (3) "the Complaint fails to explain *when* and *how* she disputed the NCB Management Services account with Experian." Dkt. 24 at 5 (emphasis in original).

In the Complaint (Dkt. 1), Plaintiff asserts causes of action under § 1681e(b) and § 1681i of the FCRA. Dkt. 1 at 3–6. Section 1681e(b) requires that "[w]henever a consumer reporting

4

agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Section 1681i governs the procedures for when a consumer disputes an inaccuracy in the reported information. 15 U.S.C. § 1681i.

"As a threshold matter, a plaintiff asserting FCRA claims must demonstrate that the credit entry was inaccurate." *Reyes v. Equifax Info. Servs., LLC*, No. 21-cv-639, 2023 WL 7272368, at *5 (E.D. Tex. Sept. 14, 2023) (first citing *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000); then citing *Spence v. TRW, Inc.*, 92 F.3d 380, 382 (6th Cir. 1996); and then citing *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)); *accord Spence*, 92 F.3d at 382 ("A showing of inaccuracy is an essential element of a claim under the Fair Credit Reporting Act"); *Guimond*, 45 F.3d at 1333 ("In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information."); *see also Rodriguez v. Trans Union LLC*, No. 19-cv-379, 2019 WL 5565956, at *4 (W.D. Tex. Oct. 28, 2019) ("[T]o assert a claim . . . under § 1681i against a consumer reporting agency for failure to conduct a reasonable investigation, a plaintiff must show that an actual inaccuracy exists in the reported information." (quoting *Messano v. Experian Info. Sols., Inc.*, 251 F. Supp. 3d 1309, 1313 (N.D. Cal. 2017)) (cleaned up)). "A credit entry may be inaccurate either 'because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Id.* (quoting *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998)). If a plaintiff fails to satisfy this initial burden, the consumer, as a matter of law, has not established a violation of § 1681e(b) or § 1681i, and a court need not inquire further as to the reasonableness of the procedures adopted by the credit reporting agency. *See Rodriguez*, 2019 WL 5565956, at *3–*4.

Here, Plaintiff alleges that the information furnished was "incomplete, inaccurate, [and] false" because "the last verified was inaccurate; the date of last activity was inaccurate; the date opened was inaccurate; and the account status was inaccurate." Dkt. 1 at 2. Plaintiff does not include any further facts that explain why this information was inaccurate, such as by providing the correct dates for the last activity or date opened or what the correct account status is. Without more, the Complaint (Dkt. 1) does not state more than the mere possibility of misconduct because there are no facts from which to determine whether the information reported was patently incorrect or misleading. Because Plaintiff does not sufficiently allege that the credit entry was inaccurate, her claims arising under § 1681e(b) and § 1681i must fail. *See Rodriguez*, 2019 WL 5565956, at *4 (finding the plaintiff failed to plausibly allege claims for relief under § 1681e(b) and § 1681i because she did not sufficiently allege that the credit report was inaccurate). Accordingly, the Court recommends that the Motion to Dismiss (Dkt. 24) be granted.

**B.    Leave to Amend**

A "plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted). Further, a *pro se* litigant should generally be offered an opportunity to amend his complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Id.* at 768 (quoting *Bazrowx*, 136 F.3d at 1054). The Court can deny leave to amend where such an amendment would be futile. *See, e.g.*, *Isom v. U.S. Dep't of Homeland Sec.*, No. 20-cv-948, 2021 WL 2232052, at *3 (E.D. Tex. Apr. 28, 2021), *R. & R. adopted*, 2021 WL 2224345 (E.D. Tex. June 2, 2021).

"[W]hen a plaintiff does not file a response to a Rule 12(b)(6) motion or request leave to amend, the court may deny the plaintiff leave to amend because the plaintiff has already pleaded his or her best case." *E.g.*, *Lyons v. Starbucks Coffee Co.*, No. 19-cv-2457, 2020 WL 5732638, at *4 (N.D. Tex. Aug. 24, 2020), *R. & R. adopted*, 2020 WL 5710245 (N.D. Tex. Sept. 24, 2020) (first citing *Lee v. BONY*, No. 13-cv-1033, 2013 WL 4603584, at *4 (N.D. Tex. Aug. 9, 2013), *R. & R. adopted*, 2013 WL 4623608 (N.D. Tex. Aug. 29, 2013); and then citing *Cruz v. CitiMortgage, Inc.*, No. 11-cv-2871, 2012 WL 1836095, at *7 (N.D. Tex. May 21, 2012)).

In the Reply (Dkt. 31), Experian argues that "because Plaintiff failed to respond to Experian's Motion to Dismiss [(Dkt. 24)], Plaintiff has abandoned her FCRA claims, and this case should be dismissed." Dkt. 31 at 2. The Court agrees that Plaintiff's failure to respond and request leave to amend, suggests that Plaintiff has already pleaded her best case. *See Lyons*, 2020 WL 5732638, at *4. Moreover, Plaintiff has failed to respond to any court orders, including the Court's order to appear at the Rule 16 Management Conference and the Show Cause Order (Dkt. 39). *See* Minute Entry date October 19, 2023; Dkts. 28; 39. Plaintiff has also either failed to claim mail from the Court after attempted delivery or failed to update her address for service pursuant to the Local Rules. *See* Dkt. 42; *see also* Loc. R. CV-11(d) ("A *pro se* litigant . . . is responsible for keeping the clerk advised in writing of his or her current physical address.").

However, Plaintiff is proceeding *pro se* and, thus, is held to a more lenient standard. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). Plaintiff could potentially cure the deficiencies with additional facts addressing the issues evaluated by the Court and raised in the Motion to Dismiss (Dkt. 24), such that an amended claim would not be frivolous. *See Manning v. Warner*, No. 20-cv-594, 2021 WL 710400, at *3 (E.D. Tex. Jan. 29, 2021) ("[G]iving a plaintiff an opportunity to amend is not necessary if he has pleaded his 'best case,' such that an amended

claim would remain frivolous."), *R. & R. adopted*, 2021 WL 694222 (E.D. Tex. Feb. 23, 2021). Thus, the Court, in the interest of justice, recommends that Plaintiff be given leave to amend her claims against Experian. *See Lyons*, 2020 WL 5732638, at *5.

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion to Dismiss (Dkt. 24) be **GRANTED**, and Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**.

The Court further recommends that Plaintiff be given leave to file an amended complaint no later than fourteen (14) days after the entry of the Memorandum Adopting Report and Recommendation, if any. If Plaintiff fails to timely file an amended complaint, Plaintiff's claims should be dismissed with prejudice.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 14th day of February, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE